1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

| LATONYA R. CALIP-FINLEY, | Case No. 14-cv-00486-MEJ |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| COUNTY OF ALAMEDA, DISTRICT ATTORNEY, et al., | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| Defendants. | |

8
9
10
11
12
13

### INTRODUCTION

14          On January 31, 2014, Plaintiff Latonya R. Calip-Finley filed a Complaint (Dkt. No. 1) and

15   an Application to Proceed In Forma Pauperis (Dkt. No. 2).  Plaintiff has consented to the

16   jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).  For the reasons

17   stated below, the Court GRANTS Plaintiff's application to proceed in forma pauperis and

18   DISMISSES the complaint WITH LEAVE TO AMEND.

19                                       ### BACKGROUND

20          The following allegations are taken from Plaintiff's Complaint.  On October 16, 2012,

21   Plaintiff alleges that pursuant to an order by Officer Vreeland, Alameda police Officer Erik Klaus

22   effected a traffic stop of her vehicle and arrested Plaintiff on a "warrantless warrant," while she

23   was on route to drop her children off at school.  Compl. at 2.  Officer Klaus transported Plaintiff to

24   the Alameda Police department for interrogation.  *Id*.  There, Plaintiff alleges she was booked on

25   an unknown felony charge.  *Id*.  Plaintiff posted bond later that day.  *Id*.

26          On October 18, 2012, Plaintiff appeared before the Honorable Paul Delucchi in

27   Department 12 of the Wiley W. Manuel Courthouse in Oakland, California.  *Id*.  At the hearing,

28   the judge presented "an unsworn, unsigned, and unverified complaint of eight felony charges" and

United States District Court
Northern District of California

issued a stay away order.  *Id*.  Plaintiff alleges that she was not arraigned, but was ordered to appear before Judge Delucchi on October 25, 2012.  *Id*.  On October 25, 2012, Judge Delucchi transferred Plaintiff's case to Department 4 at the Rene C. Davidson Courthouse.  *Id*.  Plaintiff alleges that she was not afforded a preliminary hearing or arraignment within the statutory deadline.  *Id*.

On November 2, 2012, Plaintiff appeared before Judge Panetta.  *Id*. At that hearing, she waived formal arraignment, pleaded not guilty, and waived time for arraignment and the preliminary examination.  *Id*.  Plaintiff was ordered to return to Department 4.  *Id*.

On November 30, 2012, Plaintiff appeared before Judge Thomas Reardon in Department 4.  *Id*. at 3.  Plaintiff returned to Department 4 on January 1, 2013, where the Court granted a motion for a conditional exam and issued a transcript order in Plaintiff's civil elder abuse hearing.  *Id*.

On March 1, 2013, Plaintiff again alleges that she returned to court.  *Id.*  On April 5, 2013, the district attorney requested an extension of time with respect to a pending motion.  *Id*.

On April 26, 2013, Plaintiff requested appointment of private counsel.  *Id*.  The request was granted on August 16, 2013.  *Id*.  On September 18, 2013, Plaintiff's counsel appeared in Department 4 and requested time to make a motion for substitution of counsel.  *Id*.  Plaintiff returned to court on October 4, 2013, for an unknown reason.  *Id*.  On December 13, 2013, the Court denied Plaintiff's counsel's request to withdraw.  *Id*.

On January 24, 2014, Plaintiff appeared in Department 4 and was ordered to appear in Department 12 at the Wiley W. Manuel Courthouse for a preliminary hearing before Judge Reardon.  *Id*.  Plaintiff alleges 454 days passed between her arraignment and the date of her preliminary examination.  *Id*. at 4.

The Complaint appears to allege two causes of action under the "1964 Civil Rights Act" and 42 U.S.C. § 1983 ("Section 1983") against the County of Alameda (the "County") and the District Attorney arising out of the alleged denial of Plaintiff's state statutory right to a speedy preliminary hearing pursuant to California Penal Code section 859b, and for violation of her constitutional due process right to a fair trial arising from the court's failure to make a determination on her motion to disqualify Judge Reardon from presiding over her criminal case.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  Here, Plaintiff has submitted the required documentation, and it is evident from the application that her assets and income are insufficient to enable Plaintiff to pay the filing fees.  Accordingly, the Court GRANTS Plaintiff's application to proceed in forma pauperis.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

### A.    Legal Standard

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure (Rule) 4(c)(2).  *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)).  As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts.  A complaint is "frivolous" when it lacks an arguable basis either in law or in fact.  *Id.* at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual

allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

The Court may also dismiss a complaint sua sponte under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true

4

1   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

2   inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation

3   omitted).

4        When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held

5   that a district court should grant leave to amend even if no request to amend the pleading was

6   made, unless it determines that the pleading could not possibly be cured by the allegation of other

7   facts." *Lopez,* 203 F.3d at 1130.

8   **B.**   **Application to the Case at Bar**

9        Plaintiff brings this action under the "1964 Civil Rights Act" and Section 1983 against the

10   County and the District Attorney arising out of the alleged denial of her state statutory right to a

11   speedy preliminary hearing pursuant to California Penal Code section 859b and for violation of

12   her constitutional due process right to a determination on her motion for judicial disqualification.

13        1.   <u>Section 1983 Claim</u>

14        To state a claim under Section 1983, a plaintiff must allege (1) a constitutional violation

15   and (2) that the defendants were acting "under color of state law" at the time the violation

16   occurred. *West v. Atkins*, 487 U.S. 42, 48 (1988).  A person acts under color of law for purposes

17   of Section 1983 if he or she "exercise[s] power possessed by virtue of state law and made possible

18   only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S.

19   42, 49 (1988).  When bringing a Section 1983 claim against a local government entity such as the

20   County, a plaintiff must also allege that the unconstitutional action was executed pursuant to "a

21   government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

22   may fairly be said to represent official policy ...." *Monell v. Dept. of Social Servs.*, 436 U.S. 658,

23   694 (1978).

24        Here, Plaintiff bases her constitutional claims on two grounds: (1) violation of her Sixth

25   Amendment right to a speedy trial; and (2) violation of due process and the right to a fair trial by

26   an unbiased judge.  As alleged, neither of Plaintiff's claims are cognizable bases for Section 1983

27   relief.

28        In Plaintiff's first claim, she attempts to allege a violation of her speedy trial rights because

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1   the trial court declined to dismiss the information despite the fact that her preliminary hearing was

2   held more than 454 days after her arraignment.  Compl. at 3.  Under California Penal Code section

3   859b, a defendant is entitled to a dismissal if a preliminary hearing is not held within 60 days of

4   the arraignment or entry of plea, unless she personally waives the right.  *People v. Mackey*, 176

5   Cal.App.3d 177, 183 (1985).  Here, Plaintiff admits that she waived the 60 day time limit.  Compl.

6   at 4.

7       Plaintiff also appears to claim violation of her constitutional right to due process a fair trial

8   based on the allegations that the trial court failed to hold a hearing or have a different judge rule

9   on her motion to disqualify Judge Reardon.  Compl. at 5.

10      If a judge refuses or fails to disqualify him or herself, a defendant may seek the judge's

11  disqualification:

12          A judge who refuses to recuse himself or herself shall not pass upon
            his or her own disqualification or upon the sufficiency in law, fact,
13          or otherwise, of the statement of disqualification filed by a party. In
            that case, the question of disqualification shall be heard and
14          determined by another judge agreed upon by all the parties who
            have appeared or, in the event they are unable to agree within five
15          days of notification of the judge's answer, by a judge selected by the
            chairperson of the Judicial Council, or if the chairperson is unable to
16          act, the vice chairperson. The clerk shall notify the executive officer
            of the Judicial Council of the need for a selection. The selection
17          shall be made as expeditiously as possible.

18  Cal. Code Civ. Proc. § 170.3(c)(5).  The judge deciding the question of disqualification may

19  decide the question on the basis of the statement of disqualification, and need not hold a hearing.

20  *Id*. § 170.3(c)(6).  Thus, if the basis of Plaintiff's claim is that the judge deciding the question of

21  whether Judge Reardon should be disqualified failed to hold an evidentiary hearing before ruling

22  on the issue of disqualification, it is insufficient to establish any violation of her federal

23  constitutional rights.  *Garcia v. Sup. Ct.*, 156 Cal. App. 3d 670, 682 (1984).

24      Additionally, "if a statement of disqualification is untimely filed or if on its face it

25  discloses no legal grounds for disqualification, the trial judge against whom it was filed may order

26  it stricken."  Cal. Code Civ. Proc. section 170.4(b).  Thus, if Plaintiff's claim is based on the fact

27  that Judge Reardon struck her statement of disqualification because it was untimely or failed to

28  disclose any legal grounds for disqualification, this would not constitute failure to have another

6

1   judge rule on the issue of disqualification.

2          Accordingly, Plaintiff has not sufficiently alleged that she was denied any constitutional

3   rights based on the trial court's handling of the statement of disqualification.

4          In addition to establishing a constitutional violation, a plaintiff seeking to establish

5   municipal liability under Section 1983 must also identify a governmental policy or practice that

6   caused the violation.  A litigant can establish a *Monell* claim in one of three ways: "(1) by showing

7   a longstanding practice or custom which constitutes the standard procedure of the local

8   governmental entity; (2) by showing that the decision-making official was, as a matter of state

9   law, a final policymaking authority whose edicts or acts may fairly be said to represent official

10  policy in the area of decision; or (3) by showing that an official with final policymaking authority

11  either delegated that authority to, or ratified the decision of, a subordinate."  *Menotti v. City of*

12  *Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005).

13         Here, Plaintiff has failed to allege any facts which would support *Monell* liability because

14  she: (1) fails to identify a Constitutional violation; (2) fails to identify any policy or practice by the

15  County that led to violation of her Constitutional rights; and (3) merely references Section 1983 in

16  one sentence in the Conclusion section of her Complaint, without any allegations in support.  A

17  complaint that tenders "naked assertion[s]" devoid of "further factual enhancement" will not

18  survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678–79; *see also Twombly*, 550 U.S. at 555

19  (holding that a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic

20  recitation of the elements of a cause of action).

21         Consequently, the Court DISMISSES Plaintiff's claim.  However, if Plaintiff believes she

22  is able to amend the complaint to allege a cognizable cause of action, the Court shall permit her a

23  final opportunity to allege such a claim.  Accordingly, dismissal is WITH LEAVE TO AMEND.

24         2.   Discrimination Claim

25         Plaintiff also alleges a claim for discrimination and "lack of equality," apparently arising

26  out of the same set of facts.  Plaintiff alleges that this claim is brought under "the 1964 Civil

27  Rights Act."  Compl. at 1.  The 1964 Civil Rights Act is codified at 42 U.S.C. § 2000 *et seq*., and

28  prohibits discrimination in numerous areas, such as public housing, public accommodation, and

United States District Court
Northern District of California

United States District Court
Northern District of California

1　employment.  Plaintiff does not identify which portion of the Act applies to her claims.  As

2　explained above, "naked assertion[s]" devoid of "further factual enhancement" will not survive a

3　motion to dismiss.  *Iqbal*, 556 U.S. at 678-79.  If Plaintiff wishes to maintain a claim for

4　discrimination under the Act, she must do more than make a passing reference to the entire

5　statutory scheme.  She must set forth the particular section of the statute under which she alleges

6　her claims arise, and provide a factual basis for those claims.

7　　　　Consequently, the Court hereby DISMISSES Plaintiff's claim under the 1964 Civil Rights

8　Act.  However, as it appears that Plaintiff may be able to amend the complaint to allege a

9　cognizable cause of action, dismissal is WITH LEAVE TO AMEND.

10　　　　　　　　　　　　　　　　　**CONCLUSION**

11　　　　Based on the analysis above, the Court GRANTS Plaintiff's application to proceed in

12　forma pauperis and DISMISSES the Complaint WITH LEAVE TO AMEND.

13　　　　The amended complaint must allege, with particularity, the factual basis for each of

14　Plantiff's claims.  If Plaintiff contends that a statute has been violated, Plaintiff must identify the

15　statute with particularity, including the appropriate section of the statute that is applicable to her

16　cause of action.  With respect to the Section 1983 claim, Plaintiff must allege what constitutional

17　right(s) were violated and provide sufficient facts establishing her claim.  She must also allege that

18　the unconstitutional action was executed pursuant to a governmental policy or custom.  With

19　respect to the discrimination claim, Plaintiff must allege the name and section number of the

20　statute she claims has been violated, and provide a factual basis for her claims.

21　　　　If Plaintiff chooses to file an amended complaint, it must comply with the guidelines set

22　forth in Rule 8(a).  This rule requires that a complaint for relief include (1) a short and plain

23　statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim

24　showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  A pleading

25　may not simply allege a wrong has been committed and demand relief; it must state the elements

26　of the claim plainly and succinctly.  Plaintiff must allege with at least some degree of particularity

27　the facts in which defendant engaged to support the claim.  *Jones v. Cmty. Redev. Agency*, 733

28　F.2d 646, 649 (9th Cir. 1984).

The Court recommends that Plaintiff obtain a copy of the Court's *Handbook for Litigants Without a Lawyer*, which is available free of charge in the Clerk's Office, or online at http://cand.uscourts.gov/prosehandbk. This handbook provides an explanation of the required components of a complaint, which include the following:

1. Caption page
2. Subject matter jurisdiction
3. Venue
4. Intradistrict assignment
5. Parties
6. Statement of facts
7. Claims
8. Request for relief
9. Demand for jury trial
10. Signature

Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Consistent with the instructions in this Order, Plaintiff shall file any amended complaint by June 10, 2014. Failure to file an amended complaint by this deadline shall result in the dismissal of this case with prejudice. The Clerk is directed to close the file in this case if an amended complaint is not filed by June 10, 2014.

**IT IS SO ORDERED.**

Dated: May 12, 2014

_____

MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

9